CHARLES E. MASON AND BENJAMIN F. LUCE v. SETH A. L. WARNER AND GORDON H. DAVIS.

*Agreement to take pay from proceeds—Purchaser's insolvency.*

One who agrees to take his pay from the proceeds of a sale must lose ratably with the other party if the purchaser becomes insolvent and neither party interested in the payment is at fault in the matter.

An agreement to take pay in goods or their proceeds will not sustain a demand for a cash payment without the consent of both parties, especially where it would compel the debtor to resort to funds which he had guarded by this arrangement.

W manufactured shingles for M, and agreed to take his pay in shingles, or their proceeds. M sold a quantity and received, besides some cash, a note made payable to W, to whom he turned it over, but refused to indorse it. W took it on condition that he found the maker to be responsible, but while holding it the maker failed. *Held* that W could not recover the amount of the note from M, but could only claim his *pro rata* share of the cash and available paper received for the shingles.

Error to Alpena. Submitted April 22. Decided April 28.

Assumpsit. Defendants bring error.

*Turnbull & McDonald* for plaintiffs in error.

*Kelley & Clayberg* for defendants in error.

Marston, C. J. In the spring or early summer of 1878 an agreement was entered into between the parties hereto, under which Warner & Davis were to take possession of Mason, Luce & Co's shingle mill for the purpose of manufacturing the shingle logs of the last named firm. Warner & Davis were to have the mill free of rent, and were to fit up and run the mill at their own expense, but with the privilege of removing any belts or machinery put in by them, and were to manufacture the logs for $1.05 for XXX and No. 1 shingles, and to take their pay in shingles of such brands, at the market price. Such an agreement was reduced to writing and agreed upon but never executed. Mr. Warner, one of the plaintiffs below, testified that they were to take their pay in shingles because Mr. Luce did not want to be compelled to pay them until they realized from the shingles. And he farther testified that there was an understanding that Warner & Davis were to have a lien on the shingles until paid, and were not to expect any money out of the shingles until they were sold, as Luce & Co. would not take money from their other business to pay for sawing

the shingles, "and we were either to take shingles or the proceeds of shingles."

Thus far we understand there is no controversy, so that we may safely assume the contract to have been as above stated.

Shingles were manufactured and sold and settled for under this agreement, and about which there is no question.

Sometime in September one of the firm of Luce & Co. sold shingles to Huff & Vandermeulen of Detroit, amounting in value, with freight added and which was paid by Luce & Co., to about $1100. It is not quite clear how much was paid Luce & Co. in cash at the time of this sale, but somewhere from $400 to $600. Besides the cash payment, Huff & Vandermeulen gave Mason, Luce & Co. their note for $150, and also a note for $450, dated September 20th, due December 20th, payable to the order of Warner & Davis. This note was about September 28th delivered to Mr. Warner, and a dispute arises here as to the terms and conditions, if any, under which Warner & Davis received this note. They claim they did not know the makers, and requested Mason, Luce & Co. to indorse it, which was refused; that they then said they would take it and make inquiries as to the responsibility of the makers, and if responsible they would keep it; otherwise not. They did make inquiries and retained the note until November 1st, when, learning of the failure of the makers, they returned the note to Mason, Luce & Co. who declined to receive it. Before this note fell due this action was brought against Mason, Luce & Co. to recover the balance claimed on the shingle contract. It does not appear that Mason, Luce & Co. received anything on the $150 note referred to. While there was some other evidence bearing upon the questions raised, the above is sufficient for the present purpose. The principal controversy on the trial was whether the plaintiffs below, Warner & Davis, took this note as a conditional or absolute payment. They obtained a verdict and judgment for the amount of their claim.

Even if the plaintiffs accepted the note of Huff & Vandermeulen conditionally, and did not make it their own by keeping it longer than was necessary to ascertain the pecuniary responsibility of the makers—questions upon which we have no desire to express or even intimate an opinion—still we are of opinion the present judgment cannot be maintained. Upon the plaintiff's own theory they were to take their pay in shingles or their proceeds, and Mason, Luce & Co. were not to take any money from their other business to pay for sawing the shingles. The previous sales having been satisfactorily adjusted, this one must stand or fall by itself.

Under such a contract it would be the duty of the person making sales to sell in the usual manner and upon the general and customary terms and conditions pertaining to such business. He, or the firm which he represented, if the sale was made in part for cash and part upon time paper, could not retain the cash and insist upon and compel the other interested parties,—in this case Warner & Davis,—to accept the paper and run the risks attending its collection. Of course Warner & Davis could accept such paper in payment, and if they received it with full knowledge of the terms of the sale, or after acquiring such knowledge retained the paper an unreasonable length of time, or if they were satisfied with and retained the paper, even although they had no knowledge of the fact that the sale made was in part for cash, they would be bound thereby, and in case of failure to collect they could not turn around and hold Mason, Luce & Co. for the loss, or any part thereof.

If they did not receive or retain this note under such circumstances as would bind them, then they could look to Mason, Luce & Co., not for the amount thereof, but for their *pro rata* share of the cash or available paper received by Mason, Luce & Co. after deducting the freight and such other expense, if any, as was right and proper.

This works out equal and exact justice to each party; each receives his proportional share of the proceeds and

bears a like share of the losses. This must have been what the parties contemplated at the time they entered into their agreement. It certainly was not then contemplated that either one should sustain all the loss without fault on their part. Under such a contract the law compels each to lose his just share. *Fredenburg v. Turner* 37 Mich. 403. And a contract payable in shingles or their proceeds cannot by either party, without the consent of the other, be changed or converted into a cash payment, especially where to do so would be to compel the debtor to resort to funds which he had guarded against by his contract, as in this case. *Roberts v. Wilkinson* 34 Mich. 130.

As the case was not presented to the jury quite in accordance with the views here expressed, the judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.