MATTHEW B. SMITH v. ANDREW ROSS AND DEWITT C. SPAULDING.

*Contract—Common counts—Averment of demand—Costs.*

Certain building contractors agreed that when they got the payment on the contract they would pay a certain sum to a specified person on an order from the painter. *Held* that an action for this money could not be brought until after the order had been presented or some demand made ; and that if the agreement implied an obligation on defendants' part to take active measures to collect the money, the failure to do so must be averred.

Costs of both courts were allowed on reversal where recovery was had on a declaration which made out no cause of action.

Error to the Superior Court of Detroit. (Chipman, J.) June 8.—June 20.

ASSUMPSIT. Defendants bring error. Reversed.

*J. T. Keena* for appellants. Where time of payment is regulated by the occurrence of a certain event, recovery cannot be had without proof of its occurrence : *Breaux v. Lauve* 24 La. Ann. 179 ; *Snell v. Cheney* 88 Ill. 258 ; *Wolf v. March* 54 Cal. 228 ; *Drake v. Hill* 53 Ia. 37 ; *Wiggins v. Gill* 59 Tenn. 140 ; *Belcher v. Loveland* 119 Mass. 539 ; *Thompson v. Houston* 31 Tex. 610.

*George W. Radford* for appellee. A promise to pay money, when the promisor recovers his demands of a third

person, is absolute, though he has no such demands, or does not use reasonable diligence to collect them: *White v. Snell* 5 Pick. 425.

CAMPBELL, J. In this case defendants became assignees of a contractor named Spier, who had a contract to build some houses for one Dinan. After taking the assignment, they made arrangements to complete the houses, and plaintiff desired to get a job of painting for $200. Thereupon one J. A. Degaw, to enable him to do so, undertook to become security, as the parties termed it. Degaw entered into a written contract with defendants on the 21st of November, 1881, which is the only contract in writing bearing on the issue, and which is agreed to be the contract under which plaintiff sets up his rights. Plaintiff's name does not appear in it, although he was the intended painter.

By this paper Degaw agreed to become security for the painting of the houses, and to pay any damages for any delay,—" the same to be commenced to-day." Defendants agreed, upon the completion of said work and acceptance by the architect, " to pay to John A. Degaw the sum of two hundred dollars, when he presents order from painter, the money to be paid when A. Ross and Spaulding gets the last payment upon said contract." The buildings were accepted by the architect in January, 1882, when, if the contract had been properly performed, the land-owner, Mr. Dinan, was bound to pay. Dinan, however, refused to pay, and on defendants' suing him, tied up the case in chancery, and they did not get their pay till after this suit was commenced.

Neither Smith nor Degaw ever demanded payment before suit brought, and Smith never gave Degaw an order for payment.

Defendants asked the court to hold that no cause of action had been made out, which was refused. The court put the case to the jury that unless defendants used diligence to collect the debt from Dinan they were liable for principal and interest from such time as it might have been collected.

This was an action on the common counts entirely. The parties seem to make no question as to Smith being entitled to the money, and put the case on the other questions. And the defendants insist that inasmuch as the suit is for the price or value and there is no averment of negligence or failure on the part of defendants to do their duty, there is no ground of recovery strictly at all, and none to recover interest or costs, the principal being now arranged.

We think the defense is correct. A suit on the terms of the contract only entitled the party to be paid when defendants were paid. If, as is probable, this implied an obligation to take active measures to collect the money, the failure to do so should have been specially averred as well as shown, and this was not done. We have not ourselves discovered evidence of any lack of diligence. And it is also plain under the contract that inasmuch as ·they were to pay Degaw and not plaintiff, and then only on a written order, it is difficult to see how they could be held at fault, unless, by presentation of such order or other demand before suit, they were put under obligation to meet the claim.

As the record is presented to us the judgment should be reversed with costs and a new trial granted. As no cause of action at all was made out under the declaration, the defendants should have prevailed below and should have had costs there.

The other Justices concurred.