## McCALL *v.* FREEDMAN

1. CONTRACTS — CONDITIONS PRECEDENT — CONSTRUCTION — LANGUAGE OF CONTRACT.

Stipulations of a contract are not usually construed as conditions precedent unless the court is compelled to do so by the language of the contract plainly expressed.

2. VENDOR AND PURCHASER—CONDITIONS PRECEDENT—MORTGAGE APPLICATION.

Provision in a contract for the purchase of a home stating that the buyers were to apply for an FHA mortgage was not a condition precedent to defendants sellers' tender of the property where a condition precedent was not intended by the parties and the language of the contract does not show that a condition precedent was intended.

3. VENDOR AND PURCHASER—MORTGAGE APPLICATION—FULFILLMENT OF PROVISION.

Provision of a contract for the sale of a house requiring the buyers to apply for an FHA mortgage was fulfilled by the buyers' executing all the papers necessary for an application and giving them to the seller, who, having contacts with an approved lending institution, made the application, because the buyers had done everything asked of them.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur 2d, Contracts §§ 321, 322.
[2] 55 Am Jur, Vendor and Purchaser § 100.
[3] 55 Am Jur, Vendor and Purchaser §§ 97, 100–103.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 June 16, 1971, at Detroit. (Docket No. 9939.) Decided July 26, 1971. Leave to appeal denied, 386 Mich 758.

Complaint by Cecil McCall and Ethel J. McCall against Burton Freedman and Bradley Building Company for breach of contract and for specific performance. Judgment for plaintiffs. Defendants appeal. Affirmed.

*John Skomski,* for plaintiffs.

*Temple & Cutler,* for defendants.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

McGREGOR, J. On December 17, 1968, plaintiffs sued defendants for breach of contract and specific performance, on a contract for the purchase of a home. The case was tried on June 18, 1970, in the circuit court; judgment was entered in favor of the plaintiffs.

The Bradley Building Company, one of the defendants, is a Michigan corporation, actively engaged in the building business in the City of Warren. The codefendant, Burton Freedman, was an employee of that corporation. During December, 1965, the plaintiffs and the defendant corporation entered into a contractual agreement whereby the plaintiffs were to purchase a home to be built by the defendant corporation, for a price of $16,940, with a down payment of $640. Subsequently, on November 23, 1968, the plaintiffs, in the presence of their attorney, executed a new contract for the purchase of the same home which, in effect, superseded the first agreement, the latter contract being in the amount of $16,-

740 with the same down payment. The new home was completed in late 1968; the reason for the delay is not pertinent to the issue before us.

The purchase contract provided for the buyers to apply for an FHA mortgage in the amount of $16,-100. It was defendant Freedman who actually forwarded the required data to Capitol Mortgage Corporation, an FHA-approved lending institution, on November 25, 1968. The Capitol Mortgage Corporation rejected the application, apparently because of the lack of an FHA inspection and insufficient down payment. On November 27, 1968, defendant Freedman received a letter from Capitol, confirming the rejection. Freedman testified that he attempted without success to call plaintiffs and their attorney. Freedman then sent the letter aforementioned, by certified mail, in a plain envelope, return receipt requested, with a cashier's check, returning to plaintiffs their deposit of the down payment funds. Plaintiffs acknowledged receipt of this letter. On December 17, 1968, plaintiffs commenced this action for breach of contract and specific performance. On December 21, 1968, defendants sold the property for allegedly $22,900, although the deed of conveyance showed $24,700, and the purchaser took possession subsequently.

On July 6, 1970, after a circuit court trial, judgment was entered in favor of plaintiffs for $6,705.71 including interest at six percent and costs. The trial judge made his findings of fact, in part, as follows:

"The court finds in this case that the parties entered into a contract for the purchase of and the sale of property; that in the contract there was a provision whereby the plaintiff purchasers were to seek a mortgage through the FHA.

"It further appears that the sellers, which is not unusual in these cases, apparently having contacts

with the lending institutions, made the application for the loan and was turned down; that is the plaintiffs were turned down.

"The plaintiffs did everything that was asked of them. They furnished the credit statements, the employment records, and apparently were in position to meet the closing costs.

"The letter of rejection is very brief, and was simply enclosed in a *plain* envelope together with the down payment check to the plaintiffs *without any explanation* whatsoever.

"From then on there seems to be no communication at all." (Emphasis supplied.)

On appeal, defendants contend that the contractual duty of plaintiffs to apply for an FHA mortgage under the contract was a condition precedent to the defendants' tender of the property, and that the plaintiffs, not having fulfilled this condition, were not entitled to seek or claim a breach of contract.

It is sometimes said that a condition precedent is a fact or event which the parties intend to exist or take place before there is a right to performance, citing *MacDonald* v. *Perry* (1955), 342 Mich 578; *Knox* v. *Knox* (1953), 337 Mich 109. Courts are disinclined to construe the stipulations of a contract as conditions precedent, unless compelled by the language of the contract plainly expressed. In the instant case, it cannot be said that defendants demonstrated that a condition precedent was intended by the parties, nor does the language indicate that this was intended.

There was testimony that defendant Freedman agreed to process the application for an FHA mortgage and the plaintiffs relied upon the sellers to make the application for the FHA mortgage. The plaintiffs executed the papers necessary for such an application, which papers were forwarded to the FHA-approved lending institution by the defend-

ants.   After the plaintiffs had furnished the credit statement and required records to the sellers for purposes of preparing the application for the FHA commitment, the next communication they received from the defendants was a copy of the mortgage rejection letter and the cashier's check refunding their down payment.

We find it somewhat anomalous that the defendants, who actually submitted the mortgage application papers to the lender, now claim that it was a condition precedent for the buyers to do this.   The trial court found that the plaintiffs had done everything that was asked of them.   We agree.

Since the findings of the trial court are not clearly erroneous, its judgment is affirmed.   Costs to plaintiffs.

All concurred.