CULVER v CASTRO

Docket No. 57176. Submitted February 7, 1983, at Grand Rapids.— Decided July 6, 1983.

William J. Culver, a building contractor, executed an agreement with Valerino and Maria L. Castro for the construction of a house. The parties also executed a land contract for the sale of a parcel of land. The Castros could not obtain financing, so a new land contract was executed for a lesser amount of land. The Castros were still unable to obtain financing, but they have made payments pursuant to this second land contract. William Culver brought an action against the Castros, alleging breach of contract in that the Castros had not allowed him to construct a house on the land. The Castros brought a counterclaim against Culver and Tamara L. Culver seeking specific performance of the land contract; specifically, delivery of a deed upon payment of the amount owing on the contract. The Kent Circuit Court, George R. Cook, J., held that the building contract and the first land contract were parts of the same agreement, which had been superseded by the second land contract. Judgment was entered against Culver and in favor of the Castros on their counterclaim. Culver appeals. *Held:*

1. The first land contract referred to the building contract, and both clearly related to the same subject matter. Thus, the trial court did not err in construing the contracts as part of the same agreement.

2. The trial court did not err in finding that the first agreement was contingent upon the obtaining of financing, nor by allowing the presentation of parol evidence on this issue.

3. The second land contract covered the same subject as the first agreement, but the terms of the two agreements were inconsistent. Therefore, the trial court did not err in holding that the second contract superseded the first agreement.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts § 263.
[2] 17 Am Jur 2d, Contracts §§ 24, 321.
[3] 17 Am Jur 2d, Contracts § 24.
[4] 17 Am Jur 2d, Contracts § 493.

1. CONTRACTS — JUDICIAL CONSTRUCTION — MULTIPLE WRITINGS.

> Two writings are to be construed together where one writing refers to the other; similarly, where several agreements relate to the same subject matter the intent of the parties must be determined from examination of all the agreements.

2. WORDS AND PHRASES — CONDITION PRECEDENT.

> A condition precedent is a fact or event which the parties to an agreement intend to exist or take place before there is a right to performance.

3. CONTRACTS — EVIDENCE — PAROL EVIDENCE.

> Parol evidence may be admitted to show that an essential element of an agreement was not reduced to writing.

4. CONTRACTS — SUBSEQUENT AGREEMENTS.

> A later agreement supersedes and rescinds an earlier agreement where the parties to the earlier agreement enter into the subsequent agreement which completely covers the same subject but which contains terms inconsistent with those of the prior agreement and where the two agreements cannot stand together.

*Edmond R. Wolven,* for plaintiff.

*Renihan & Rigas* (by *Peter N. Rigas),* fc defendants.

Before: R. M. MAHER, P.J., and R. B. BURNS and P. J. MARUTIAK,* JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment for defendants rendered after a bench trial.

Plaintiff brought suit seeking damages for defendants' failure to allow plaintiff to build a residence on certain land bought by defendants from plaintiff. Defendants counterclaimed for specific performance of a land contract pursuant to which defendants were buying certain real property from plaintiff. The trial court entered judgment against

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff and awarded defendants the requested specific performance.

Plaintiff is a building contractor dealing primarily in residential homes. On April 18, 1978, plaintiff and defendants entered into a building contract. The parties also executed a land contract pursuant to which the plaintiff was to sell ten acres to defendants. The two contracts were executed at about the same time although it is not clear whether the land contract was executed before or after the building contract. Within a few days, it became apparent that the defendants could not obtain financing for the project. Consequently, on April 22, 1978, the land contract was destroyed and a new land contract was executed. The second land contract provided that the plaintiff would sell defendants two and one-half acres. The defendants also failed to obtain financing for this purchase.

The plaintiff raises three claims of error.

First, the plaintiff contends that the trial court erred in ruling that the first land contract and the building contract are parts of the same agreement. It has been held that where one writing refers to another the two writings are to be construed together. *Whittlesey v Herbrand Co,* 217 Mich 625; 187 NW 279 (1922). Similarly, where there are several agreements relating to the same subject matter the intention of the parties must be gleaned from all the agreements. *Reber v Pearson,* 155 Mich 593; 119 NW 897 (1909). In the present case, the first land contract referred to the building contract. Both contracts clearly relate to the same subject matter. Thus, we conclude that the trial court did not err in construing these two contracts as parts of the same agreement.

Second, plaintiff argues that the trial court

erred in ruling that the first agreement was contingent upon the defendants' obtaining adequate financing. Although it did not express its ruling as such, the trial court apparently found that adequate financing was a condition precedent to the defendants' performance. A condition precedent is "a fact or event which the parties intend to exist or take place before there is a right to performance * * *". *McCall v Freedman,* 35 Mich App 243, 246; 192 NW2d 275 (1971). Intent of the parties is the paramount consideration. *Cramer v Metropolitan Savings & Loan Ass'n,* 401 Mich 252, 261; 258 NW2d 20 (1977), *cert den* 436 US 958; 98 S Ct 3072; 57 L Ed 2d 1123 (1978). In deciding this issue, the court considered the testimony of the parties. Predictably, plaintiff testified to the effect that adequate financing was not a condition precedent to the defendants' performance whereas the defendants testified that it was such a condition. We note that the court properly considered this parol evidence. Parol evidence is admissible to show that an essential element of an agreement was not reduced to writing. *Goodwin, Inc v Orson E Coe Pontiac, Inc,* 392 Mich 195, 204; 220 NW2d 664 (1974); *Brady v Central Excavators, Inc,* 316 Mich 594; 25 NW2d 630 (1947). Essentially, the issue turned upon whom the court was to believe. We see no reason to disturb the trial court's decision to believe the defendants.

Finally, the plaintiff argues that the trial court erred in ruling that the second contract superseded the first agreement. In *Nib Foods, Inc v Mally,* 70 Mich App 553, 560; 246 NW2d 317 (1976), this Court said:

"[I]f parties to a prior agreement enter a subsequent contract which completely covers the same subject, but which contains terms inconsistent with those of the

prior agreement, and where the two documents cannot stand together, the later document supersedes and rescinds the earlier agreement, leaving the subsequent contract as the sole agreement of the parties. *Joseph v Rottschafer,* 248 Mich 606, 610; 227 NW 784 (1929)."

In the present case, the parties entered into a subsequent contract covering the same subject as the first agreement. The terms of the two agreements were inconsistent, however, since the second agreement involved the sale of a smaller parcel for a lower price. Thus, we conclude that the trial court did not err in ruling that the second contract superseded the first agreement.

Affirmed. Costs to appellees.