# STATE OF MICHIGAN

# COURT OF APPEALS

GANSTINE FARMS, L.L.C.,

      Plaintiff-Appellant,

v

SIGNATURE BANK,

      Defendant-Appellee.

UNPUBLISHED
February 19, 2015

No. 315350
Lapeer Circuit Court
LC No. 12-045054-CH

---

ORVILLE J. GANSTINE and DOLORES E. GANSTINE,

      Plaintiffs-Appellants,

v

SIGNATURE BANK,

      Defendant-Appellee.

No. 315352
Lapeer Circuit Court
LC No. 12-045123-CK

---

XPLOR INDUSTRIAL COMPLEX, L.L.C.,

      Plaintiff-Appellant,

v

SIGNATURE BANK,

      Defendant-Appellee.

No. 315354
Lapeer Circuit Court
LC No. 12-045282-CH

---

Before: OWENS, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

-1-

In these consolidated cases, plaintiffs appeal as of right the trial court's order granting defendant Signature Bank's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

The basic facts of this case are not in dispute. Orville and Dolores Ganstine obtained two loans from Signature Bank (the bank) in 2007. They issued a promissory note for repayment of the loans, and the note was secured by a future advance mortgage on their home property on Church Road. The company plaintiffs, of which Orville Ganstine is the sole owner, also issued guarantees for repayment of the Ganstines' loans. The guarantees referred to the promissory note, which in turn stated that it was secured by future advance mortgages on the company plaintiffs' properties.

The Ganstines did not repay the loans, and the bank foreclosed the mortgages by advertisement. The bank purchased the properties at sheriff's sales and filed an action against plaintiffs for the balance due on the loans. In response, plaintiffs filed the instant actions to recover their properties. The trial court granted the bank's motion for summary disposition under MCR 2.116(C)(10). Plaintiffs now appeal, requesting this Court grant their request to recover their properties.

The trial court's ruling on a motion for summary disposition is reviewed de novo on appeal. *Oliver v Smith*, 290 Mich App 678, 683; 810 NW2d 57 (2010). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). When reviewing a motion under subrule (C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant record evidence in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists warranting a trial. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183.

"The interpretation of a contract is . . . a question of law this Court reviews de novo on appeal, including whether the language of a contract is ambiguous and requires resolution by the trier of fact." *DaimlerChrysler Corp v G-Tech Professional Staffing, Inc*, 260 Mich App 183, 184-185; 678 NW2d 647 (2003). "The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties." *McIntosh v Groomes*, 227 Mich 215, 218; 198 NW 954 (1924). If a contract exists and the parties dispute its terms, the "court must determine what the parties' agreement is and enforce it." *G&A Inc v Nahra*, 204 Mich App 329, 330; 514 NW2d 255 (1994). If the contract's language is unambiguous, courts must enforce the contract as written. *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 372; 817 NW2d 504 (2012). A contract is ambiguous when two provisions "irreconcilably conflict with each other," *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003), or "when [a term] is equally susceptible to more than a single meaning," *Mayor of Lansing v Pub Serv Comm*, 470 Mich 154, 166; 680 NW2d 840 (2004). "However, if a contract, even an inartfully worded or clumsily arranged contract, fairly admits of but one interpretation, it may not be said to be ambiguous or fatally unclear." *Mich Twp Participating Plan v Pavolich*, 232 Mich App 378, 382; 591 NW2d 325 (1998).

The trial court properly granted summary disposition regarding the bank's foreclosure of the Ganstines' mortgage. The Ganstines applied for secured loans, they signed notes for the loans indicating that the loans were to be secured by three mortgages and two guarantees, and they signed a mortgage for the Church Road property. The mortgage identifies the property involved and states that it is given to secure any debt incurred under promissory notes and guarantees and any other existing obligations owed by the mortgagor to the bank. It is undisputed that the Ganstines received the loans for which they applied and that they defaulted. It is undisputed that the mortgage contained a power of sale provision.

The Ganstines challenge the foreclosure on two grounds. First, they contend that the mortgage did not actually secure any debt because it did not specifically describe the notes they were intended to secure, as required by MCL 565.154. That statute, which describes the form of mortgages, provides:

> A mortgage of lands that is worded in substance as follows: "A.B. mortgages and warrants to C.D., (here describe the premises) to secure the re-payment of" (here describe the indebtedness or obligations the mortgage secures) and is signed by the grantor, is a valid and enforceable mortgage to the grantee and the grantee's heirs, assigns, successors, and personal representatives with warranty from the grantor and the grantor's legal representatives, of marketable title in the grantor, free from prior incumbrances. If the indebtedness or obligations secured are described generally, such as "all indebtedness that A.B. now and in the future owes to C.D.", and if the words "and warrant" are omitted from the form, the mortgage is valid and enforceable, but without warranty.

The statute clearly states that a mortgage is valid and enforceable even if the debt it secures is described generally rather than specifically. It is just that in such a situation, the mortgagor does not warrant that he holds marketable title to the mortgaged property unless the mortgage uses the words "and warrant." Indeed, more than 150 years ago, our Supreme Court rejected a claim that a "mortgage is invalid for want of certainty in the amount secured" where it secured "all debts existing without specifying them." *Mich Ins Co of Detroit v Brown*, 11 Mich 265, 271 (1863). Accordingly, we conclude that this argument is without merit.

The Ganstines also challenge the foreclosure of their mortgage because it is a future advance mortgage that secured future advances of no more than $233,000, which amount did not correspond to the loan amounts of $486,000 and $192,000. However, plaintiffs have offered no cogent argument to explain why that discrepancy creates a question of fact regarding the validity of the mortgage or the bank's right to foreclose. Therefore, the trial court properly dismissed the Ganstines' complaint.

The company plaintiffs argue that the bank was not entitled to foreclose on all three mortgages based on the Ganstines' default on their notes. According to the company plaintiffs, they executed guarantees, but the guarantees were unsecured and did not specifically identify the mortgages. Because they did not have any other obligations to the bank and did not receive any future advance loans, they owed nothing and thus could not have defaulted. Plaintiff companies complain that irregularities exist in the loan guarantees, but they do not complain about the validity of the mortgage documents they signed or any irregularities in the foreclosure process.

We conclude that the company plaintiffs' legal position lacks merit. The problem with plaintiff companies' argument is their initial assumption that, because the guarantees state that they are unsecured, the trial court must ignore them when construing the mortgages. That is not correct. Where there is more than one agreement relating to the same subject matter and where one document refers to another, the documents are to be construed together. *Culver v Castro*, 126 Mich App 824, 826; 338 NW2d 232 (1983).

Construing the documents together, plaintiffs' allegations that they did not guarantee, execute, or pledge the property as security for the loans is meritless. The guarantees state that they are guaranteeing payment of "each and every debt, liability and obligation of every type and description," including the debt described in "Promissory Note # 1214000000147 In the Amount of $486,000.00 Dated 04/26/07." The promissory note in turn states that it is "secured by: 3 mortgages dated: 04-26-07" and "supported by 2 guarantees dated 04-26-07." The guarantees explicitly referred to a promissory note secured by mortgages on each of the properties, which in turn explicitly refer to the guarantees. Reading these documents together, it is abundantly clear that plaintiff companies pledged property to secure their guarantees. It was not necessary for the trial court to reform the documents to reach the result it reached. It needed only to construe the documents together, which it did. Therefore, the trial court did not err when it determined that the parties intended the guarantees to be secured by the mortgages.

Even were we to conclude that the trial court erred, any error would be harmless. This Court should not modify a decision of the trial court on the basis of a harmless error. MCR 2.613(A). The trial court's error is harmless if it is not decisive to the outcome in a case. See *Ypsilanti Fire Marshal v Kircher*, 273 Mich App 496, 529; 730 NW2d 481 (2007).

After a sheriff's sale is completed, a mortgagor must redeem property within a specific period. MCL 600.3240. "If a mortgagor fails to avail himself of the right of redemption, all the mortgagor's rights in and to the property are extinguished." *Bryan v JP Morgan Chase Bank*, 304 Mich App 708, 714; 848 NW2d 482 (2014); see *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514 (1942). Therefore, in order to recover their properties, plaintiffs must prove that they redeemed their properties before the expiration of the statutory periods of redemption. They have not done so. Plaintiffs do not even allege that they redeemed their properties; instead, they allege improprieties in the loan process. Because plaintiffs have no right to the relief they seek, any error in the trial court's decision would be harmless.

We affirm. The bank may tax costs as the prevailing party. MCR 7.219.

/s/ Donald S. Owens
/s/ Kathleen Jansen
/s/ Peter D. O'Connell

-4-