NEW AMSTERDAM CASUALTY COMPANY *v.* SOKOLOWSKI.

1. CONTRACTS—CONSTRUCTION—AMBIGUITY.

Clear and unambiguous language of a contract is to be construed according to its plain sense and meaning, but if the language used is ambiguous, testimony may be taken to explain the ambiguity.

2. SAME—CONSTRUCTION—AMBIGUITY—SURETY ON PUBLIC WORKS CONSTRUCTION CONTRACT.

Contract between surety on public works construction performance bond, which had become obligated to perform for financially embarrassed contractor, and company which agreed to complete performance *held*, not clear and unambiguous as to whose obligation it was to pay the back indebtedness of the contractor to the subcontractors, hence, it was not error for the trial judge to take testimony to construe the contract.

3. SAME—CONSTRUCTION—ASSUMPTION OF CONTRACTOR'S DEBTS.

Construction of contract between corporation which took over completion of public building construction and surety which had become liable on performance bond upon contractor's financial embarrassment, whereby it was determined the corporation had not assumed payment for the contractor's past due debts incurred in connection with the project *held*, proper under evidence adduced.

Appeal from Wayne; Moynihan, Jr. (Joseph A.), J. Submitted October 9, 1964. (Calendar No. 29, Docket No. 50,272.) Decided January 5, 1965.

Bill by New Amsterdam Casualty Company, a foreign corporation, against Joseph Sokolowski and

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 20 Am Jur, Evidence § 1142 *et seq.*
[3] 43 Am Jur, Public Works and Contracts § 143 *et seq.*

Rose Sokolowski to foreclose mortgage liens. Decree granting plaintiff redemption lien but denying right to foreclose second mortgage. Plaintiff appeals. Affirmed.

*Mansfield, DeWitt, Sulzbach & Jenkins (Paul C. Gracey,* of counsel), for plaintiff.

*Babcock & Babcock (John P. Babcock,* of counsel), for defendants.

ADAMS, J.  In 1953, Joseph Sokolowski, one of the defendants in this case, contracted with the Detroit school board to do certain work on a school, on which contract plaintiff New Amsterdam Casualty Company gave the performance bond. Sokolowski became financially embarrassed. He notified the school board and plaintiff that he was unable to continue, being then indebted to subcontractors in excess of $18,000.

Sokolowski and others formed a Michigan corporation known as American Plumbing & Heating, Inc. On September 15, 1954, this corporation agreed to complete Sokolowki's contract. A new contract between New Amsterdam and American Plumbing & Heating provided for completion of the original undertaking. It contains this provision:

"The contractor further agrees to assume any and all subcontracts and purchase orders placed by the original contractor which remained unfulfilled as of September 1, 1954, and to make prompt payments for all material, equipment and supplies, and to subcontractors, if any, of all balances to become due such suppliers and subcontractors, for materials furnished and labor performed after September 1, 1954."

On September 14, 1954, the subcontractors had agreed with New Amsterdam to complete their sub-

contracts for plaintiff or its designee upon payment of the amounts then due them. The contract with American Plumbing & Heating provides that it shall enter into subcontracts or purchase agreements with the subcontractors as required by the terms of agreements made between New Amsterdam and them.

Sokolowski also agreed with New Amsterdam that the contract with American Plumbing & Heating would be faithfully performed and, to guarantee this, he and his wife gave a second mortgage on their residence.

The corporation completed the original contract with the school board but New Amsterdam had to pay $12,878.78 to the subcontractors for obligations incurred prior to September 1, 1954.

New Amsterdam paid off the first mortgage on defendants' property and then filed this action to foreclose the first mortgage and its second mortgage. The trial judge found that the quoted paragraph was ambiguous. By the aid of testimony, he construed the agreement of September 15, 1954, to be an assumption by American Plumbing & Heating of Sokolowski's contract with the school board but not of any indebtedness to subcontractors incurred prior to September 1, 1954. Appeal is taken from decree permitting plaintiff to foreclose only the first mortgage.

Plaintiff contends that the words of the quoted sentence are unambiguous, and that there are two undertakings which are linked together by the conjunction "and." Defendants' position is that the entire sentence is indivisible.

If the language of the contract is clear and unambiguous, it is to be construed according to its plain sense and meaning; but if it is ambiguous, testimony may be taken to explain the ambiguity. *Merrick* v. *Webster*, 3 Mich 268, 274; *Muir* v. *Leonard Refrigerator Co.*, 269 Mich 406; *Ginsberg*

v. *Reliable Linen Service Co.,* 292 Mich 70; *Hall* v. *Equitable Life Assurance Society,* 295 Mich 404.

In this case there are involved the contract between Sokolowski and the school board, the contract between New Amsterdam and American Plumbing & Heating, the contracts with the subcontractors, and the subsidiary performance agreements of New Amsterdam and Sokolowski. Because of his inability to perform his contract, Sokolowski's obligation had fallen on New Amsterdam. In its efforts to complete Sokolowski's undertaking, it contracted with American Plumbing & Heating for completion of the same. It cannot be said that the language of the American Plumbing & Heating contract is so clear and unambiguous as also to require it to pay the back indebtedness of Sokolowski to the subcontractors. The trial judge did not err in taking testimony to construe the contract.

Frank D. Waterhouse, who had been plaintiff's representative, testified that if Sokolowski could not pay the bills incurred prior to September 1, 1954, the bonding company was going to do so, that American Plumbing & Heating did not have any money, and that the contract was to be its source of funds. Sokolowski testified he understood the corporation was to pay only those bills incurred after September 1, 1954. His testimony is corroborated by that of the bookkeeper for American Plumbing & Heating who stated that, in keeping its books, no liabilities prior to September 1, 1954, were entered. That corporation was to receive $61,500 for performance of the contract and $61,000 was required to complete the job.

The trial judge found that the corporation could not have completed the contract if it had had to assume the past due obligations of Sokolowki, and therefore would not have entered into such an agreement. The testimony corroborates the construc-

tion of the contract contended for by defendants which, in the light of all the circumstances existing at the time the contract was made, is a reasonable and logical interpretation of the undertaking of the parties.

The trial judge did not err. Affirmed. Costs to appellees.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.