## M & D ROBINSON COMPANY *v.* DUNITZ.

1. SPECIFIC PERFORMANCE—MUTUALITY OF OBLIGATION.

   The fact that the remedy of specific performance is not available to 1 party to a contract is not a sufficient reason for refusing it to the other party, the rule of mutuality being satisfied if there is mutuality of obligation.

2. SAME—SALE OF LAND—MUTUALITY OF OBLIGATION.

   Trial court's determination that an agreement of sale of realty was specifically enforceable against defendant seller *held*, not an abuse of discretion, even though the agreement did not provide mutual equitable remedies, it being enough that the agreement provided each side some remedy against the other.

3. DOWER—CONTRACT BY HUSBAND FOR RELEASE.

   A contract by a husband that his wife shall release her dower cannot be enforced.

4. MORTGAGES—DOWER—SPECIFIC PERFORMANCE—SALE OF LAND.

   Trial court's determination that an agreement by defendants husband and wife to assign their vendors' interest in a contract for the sale of realty, which was signed only by the husband as security for a mortgage was specifically enforceable against the wife, *held*, proper, where the wife contracted to release her dower in the realty by signing the mortgage agreement and an addendum in which she agreed with the mortgagee to join with her husband in executing all instruments called for by the mortgage agreement.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  49 Am Jur, Specific Performance § 34 *et seq.*
   Mutuality of remedy as essential to granting of specific performance, 22 ALR2d 508.
[3-6, 8]  25 Am Jur 2d, Dower and Curtesy § 115.
[7]  49 Am Jur, Specific Performance § 104.

5. DOWER—RELEASE.

     A married woman has the power by Constitution and by statute to release her dower by executing an appropriate instrument (Const 1963, art 10, § 1; CL 1948, § 558.13).

6. SAME—CONTRACT TO RELEASE.

     Finding by trial court that wife of owner of property had contracted with their joint creditor to release her inchoate dower interest in certain land and join in sale of the land by land contract *held*, proper where husband and wife made a mortgage agreement with the joint creditor by which they agreed to assign their land contract vendor's interest to the creditor as further security on the mortgage and wife signed addendum in which she agreed to execute all instruments called for by the mortgage agreement.

7. VENDOR AND PURCHASER—THIRD-PARTY BENEFICIARY—SPECIFIC PERFORMANCE.

     Whether purchaser under a land contract, not signed by vendor's wife, is a third-party beneficiary of agreement with mortgagee by both the vendor and his wife is not determined in action for specific performance, where the mortgagee also seeks specific performance of its agreement with the vendor and his wife.

8. DOWER—RELEASE—CONSIDERATION.

     Finding of trial court that defendant wife had received consideration for her agreement to release her inchoate dower right in her husband's land *held*, correct where the agreement was made as part of a transaction to give a creditor security for payment of a joint obligation of husband and wife.

Appeal from Wayne; Brennan (Thomas E.), J. Submitted Division 1 October 3, 1967, at Detroit. (Docket No. 2,873.) Decided June 25, 1968. Leave to appeal denied September 24, 1968. See 381 Mich 776.

Complaint by M & D Robinson Company, a Michigan corporation, against Seymour Dunitz and Rita N. Dunitz for specific performance of a contract for the sale of realty. Lawyers Title Insurance Corporation, a Virginia corporation, intervened as a plain-

tiff to obtain performance of a related agreement. Judgment for plaintiff and intervening plaintiff. Defendants appeal.  Affirmed.

*Milton M. Maddin,* for plaintiff and intervening plaintiff.

*John C. Cook,* for intervening plaintiff.

*Irving M. Stahl,* for defendants.

J. H. Gillis, J.  This is an action for specific performance of an agreement to enter into a land contract and of a second agreement to assign the land contract vendor's interest as security for a mortgage.  The land contract purchase agreement was signed only by defendant Seymour Dunitz as vendor.  Rita Dunitz, the codefendant herein and wife of Seymour Dunitz, signed the mortgage agreement but at the time of trial had not signed the purchase agreement.  Defendants appeal from a judgment of specific performance of both agreements.

Through the tangled web of dealings and promises leading up to this lawsuit, we are asked to decide whether specific performance is proper.  The main defense is that Mrs. Dunitz did not release her inchoate dower interest in the lands of her spouse.[1]

Sitting without a jury, the trial judge made the following findings of fact: Seymour Dunitz was the owner of an undivided 1/2 interest in certain vacant land situated in Oakland county, Michigan.  On August 10, 1963, Mr. Dunitz entered into an agreement with the plaintiff, M & D Robinson Company, whereby he agreed to convey his undivided 1/2 interest in the land.  The agreement called for sale

---

[1] CL 1948, § 558.1 (Stat Ann 1957 Rev § 26.221).

to Robinson by land contract for the total price of $55,000. Mr. Dunitz and the Robinson representatives signed the agreement and at the same time Robinson tendered $6,000 (not to be credited against the purchase price) as consideration for the agreement. The tender was accepted by Mr. Dunitz, and has been retained by him up to, and including, the time of trial. Robinson has paid the taxes on the property since the date of the purchase agreement.

Mr. Dunitz and his cotenant in the property became indebted to the intervening plaintiff, Lawyers Title Insurance Corporation, subsequent to the above purchase agreement, but before execution of the land contract. Lawyers Title made an arrangement with Dunitz and the cotenant by which they agreed to execute a mortgage on the above parcel in favor of Lawyers Title and thereby save default on the obligation.

As a condition of accepting the mortgage on the vacant land as collateral, Lawyers Title informed Dunitz and the cotenant that they would also be required to furnish additional collateral. At this time Dunitz informed Lawyers Title of his agreement to execute the land contract with Robinson, and it was agreed that Lawyers Title would take an assignment of Dunitz' vendor's interest under the contract as the additional collateral they required. The terms of the agreement with Lawyers Title were reduced to writing on October 31, 1963 and stated in the indicated paragraphs that:

"6. Mr. Dunitz has heretofore executed a preliminary sales agreement for the sale on land contract of his undivided 1/2 interest in the mortgaged land, a copy of which is attached hereto. * * *

"7. Mr. Dunitz and Mrs. Dunitz hereby assign all their right, title, and interest in said preliminary sales agreement to Lawyer's Title. * * *.

"8. [Land contract to be executed in January, 1964.]

"9. Mr. Dunitz and Mrs. Dunitz shall, at the closing of said land contract, execute and deliver to Lawyers Title an assignment of the vendor's interest in said land contract."

The agreement was signed by Mr. Dunitz and his cotenant as well as by Lawyers Title. Just beneath the signatures the following addendum appears:

"Rita N. Dunitz consents to the foregoing agreement and agrees, for a valuable consideration, to the foregoing insofar as her agreement may be necessary and further agrees to join with her husband in the execution of any and all instruments called for by the above agreement.

/s/ Rita N. Dunitz
Rita N. Dunitz"

After numerous unsuccessful attempts on the part of Robinson to consummate the execution of the land contract, this action was brought. Robinson sued for specific performance of the purchase agreement. Lawyers Title intervened and was joined as party plaintiff asking specific performance of the purchase agreement as well as of the assignment to them of the ensuing land contract.

Defendants raise several issues on this appeal which deal with one or both of the aforementioned agreements. For clarity's sake we shall discuss these issues under appropriate groupings.

### 1. *Enforceability of the Purchase Agreement.*

The trial judge, in his written opinion, ruled that the purchase agreement signed by Mr. Dunitz alone would be specifically enforceable, Mrs. Dunitz' inchoate dower rights notwithstanding. It was found that Mr. Dunitz, a man experienced in real estate transaction, knowledgeably signed the agreement

and received valuable consideration in return. The trial judge reasoned that while Mrs. Dunitz could not be compelled to convey her dower interest, the agreement was a proper one for the award of specific performance with damages for the cloud on title represented by the inchoate dower rights. He ruled that the cloud on the title was properly compensable based on Mrs. Dunitz' life expectancy and that the agreement is enforceable at the election of the proposed land contract vendee.

Insofar as the enforceability of the purchase agreement is concerned, defendants assert that the terms of the agreement did not provide mutual equitable remedies for buyer and seller, and that the agreement is thus rendered unenforceable for want of mutuality of remedy. The terms of the agreement relied upon by defendants in support of this contention are:

"In the event of default by the purchaser hereunder, the seller may declare a forfeiture hereunder and retain the deposit as liquidated damages, as seller's exclusive remedy. * * *

"In the event of default by the seller hereunder, the purchaser may, at his option, elect to enforce the terms hereof or demand, and be entitled to, an immediate refund of his entire deposit in full termination of this agreement."

Defendants cite authority purportedly in support of the proposition that the court should not use its discretionary powers of specific performance in those cases where mutuality of remedy is lacking.

We agree with the trial judge that "the rule is not properly stated in terms of mutuality of remedy, but that in the more modern version there need simply be a mutuality of obligation to the extent that both sides to the agreement have at least some remedy against the other in case of a breach of the

contract." This position is supported by *Reo Motor Car Co.* v. *Young* (1920), 209 Mich 578, cited by plaintiffs. The rule has more recently been stated in *Reinink* v. *Van Loozenoord* (1963), 370 Mich 121, wherein the Court states (pp 124, 125):

"In considering whether a contract for the sale of land may be decreed to be specifically enforced, a distinction should be made between mutuality of remedy and mutuality of obligation. The early view was that specific performance would not be available to one party unless that remedy was also available to the other party. 49 Am Jur, Specific Performance, § 35. In *Reo Motor Car Co.* v. *Young,* 209 Mich 578, that rule was rejected by this Court as presently having little force.

"The modern view on mutuality of remedy is set out in 49 Am Jur, Specific Performance, § 35, as follows:

" 'According to the reasoning of modern authorities, the fact that the remedy of specific performance is not available to one party is not a sufficient reason for refusing it to the other party. * * * Following this view it has been held that the rule of mutuality is satisfied if the decree of specific performance operates effectively against both parties and gives to each the benefit of a mutual obligation. It is where the element of mutual obligation is lacking that equity will refuse to decree specific performance on the ground of want of mutuality of remedy. Thus, specific performance will not be granted where the complainant may at his option refuse to carry it out. But the mere fact that remedy by way of specific performance is not available to one party is not of itself sufficient to justify refusal of a decree.'

"2 Restatement of the Law of Contracts, § 372, pp 677, states:

" '(1) The fact that the remedy of specific enforcement is not available to one party is not a sufficient reason for refusing it to the other party.' "

The authorities cited by the defendant are clearly distinguishable on the facts and refer to mutuality of remedy rather than the modern concept of mutuality of obligation which prevails in Michigan. We believe *Reinink* sustains the trial court's ruling on the enforceability of the purchase agreement.

## 2. *Release of Dower.*

The judgment of the trial court was that Mr. and Mrs. Dunitz forthwith execute the land contract in accordance with the terms of the purchase agreement. Recognizing that our laws closely guard the right of dower and that a husband may not bargain away his wife's dower interest (*Buchoz* v. *Walker, et al.* [1869], 19 Mich 224), the trial judge's ruling can only be sustained by a finding that Mrs. Dunitz herself barred her right to dower. The trial judge found that Mrs. Dunitz' agreement with Lawyers Title to enter into the land contract pursuant to the purchase agreement constituted such a waiver or release of her inchoate dower interest.

Defendants attack such a finding based on the Lawyers Title agreement on 3 grounds: (1) that the addendum signed by Mrs. Dunitz did not constitute a release of dower; (2) that in any event, Robinson cannot avail itself of Mrs. Dunitz' agreement with Lawyers Title as a third party beneficiary; and (3) that Mrs. Dunitz' release of dower, if so construed, was void for want of consideration flowing to her.

## A. *Construction of Addendum*

The addendum clause, as set forth above, constitutes a promise to release dower in the land contract sale contained in the purchase agreement. Mrs. Dunitz expressly promised to enter into all

agreements called for in the body of the instrument and it is clear from the paragraphs which we have set forth that the land contract with Robinson was one of the agreements in which she promised to join. Such a promise to join in the execution of the land contract and the actual execution by Mrs. Dunitz of the mortgage agreement can only be construed as an expression of intention to release her inchoate right of dower.

That Mrs. Dunitz could contract to release her inchoate dower is clear by Const 1963, art 10, § 1, which provides:

"The disabilities of coverture as to property are abolished. The real and personal estate of every woman acquired before marriage and all real and personal property to which she may afterwards become entitled shall be and remain the estate and property of such woman, and shall not be liable for the debts, obligations or engagements of her husband, and may be dealt with and disposed of by her as if she were unmarried. Dower may be relinquished or conveyed as provided by law."

The power of a married woman to release her dower by appropriate instrument is further found in CL 1948, § 558.13 (Stat Ann 1957 Rev § 26.229).[2] From early times this enactment was held to give the wife power to contract for the release of her dower which would be enforced. See *Rhoades* v. *Davis* (1883), 51 Mich 306. The trial court properly ruled that Mrs. Dunitz, by virtue of the Lawyers Title agreement, contracted, for a valuable con-

---

[2] "A married woman residing within this state may bar her right of dower in any estate conveyed by her husband or by his guardian, if he be under guardianship, by joining in the deed of conveyance and acknowledging the same as prescribed in the preceding chapter, or by joining with her husband in a subsequent deed, acknowledged in like manner; or by deed executed by the wife alone to one who has theretofore acquired and then holds the husband's title, provided the intent to bar her right of dower shall be expressed in said deed."

sideration, to bar her right to inchoate dower and to join her husband on the proposed land contract sale.

## B. *Availability of the Lawyers Title Agreement to Robinson*

It is not necessary to our decision in this case to decide the issue of whether or not Robinson is a third-party beneficiary to the Lawyers Title agreement, since the latter party asserts the promise of Mrs. Dunitz to release her dower interest on its own behalf in securing for itself the bargained-for mortgage collateral.

## C. *Want of Consideration to Mrs. Dunitz*

Although the trial judge made no specific findings as to consideration flowing to Mrs. Dunitz for her release of dower, the same arguments were made at trial as are made here and, in according relief, the trial judge must have ruled on this point in plaintiffs' favor.

Defendants place their reliance on *Dallavo* v. *Dallavo* (1915), 189 Mich 350, and in particular on that portion of the opinion found at p 359:

"We also agree with the conclusion of the trial judge that the deed signed by the present wife was without legal consideration so far as she was concerned, and that it was proper to preserve to her her dower rights. *Clement* v. *Buckley Mercantile Co.* (1912), 172 Mich 243."

In *Dallavo*, the plaintiffs were John Dallavo and his second wife, Marie Dallavo, who attempted to set aside a deed made to Henrietta Dallavo of John's land as a settlement of the first marriage. Both John and his second wife signed the deed. The Court held that as to the second wife there was no

consideration for the release of her dower in John's lands.

Likewise, in *Clement, supra,* relied upon by the Court in *Dallavo,* the complainant's husband attempted to make restitution for an embezzlement by conveying certain personal property and the family homestead to defendant. The Court found that the shortage was only shown to have been $555.65; that the value of the personalty conveyed was $800; and that the homestead was valued at $2,000. The Court set aside the conveyance for want of consideration to the wife.

Plaintiffs call our attention to *Watkins* v. *Minor* (1921), 214 Mich 380, which, they claim, has overruled *Dallavo.* Defendants claim that the overruling language of *Watkins* was *dicta* and should not deter our application of *Dallavo.* It is unnecessary to decide this question because the facts of these cases are distinguishable and we are satisfied that on the record made in this case, *Watkins* is controlling.

The consideration question in *Watkins* turned on whether money paid to the husband to be deposited in the bank to be used for family purposes was sufficient consideration to support the wife's release of dower in the conveyed premises. The Court ruled that this constituted consideration. We find nothing in this present record to distinguish or render *Watkins* inapplicable.

Affirmed. Costs to appellees.

LESINSKI, C. J., and T. G. KAVANAGH, J., concurred.