GARA v WOODBRIDGE TAVERN

Docket No. 192878. Submitted March 13, 1997, at Detroit. Decided June 6, 1997, at 9:00 A.M.

Diane Gara brought an action in the Wayne Circuit Court against Woodbridge Tavern and Miller Brewing Company, seeking damages for injuries sustained while participating in a personal contact sporting event sponsored by the defendants. The court, Marianne O. Battani, J., granted summary disposition for the defendants on the basis of a release, assumption of risk, and an indemnification agreement signed by the plaintiff before participating in the event. The plaintiff appealed.

The Court of Appeals held:

1. The plaintiff's failure to read the release before signing it was caused by her own haste. The defendants did not mislead or defraud the plaintiff.

2. The release language was not misleading or ambiguous. The language of the release clearly expressed the defendants' intention to disclaim liability for all negligence, including their own.

3. The release did not exclude injuries caused by defective equipment and was broad enough to bar the plaintiff's claim that the defendants were negligent in maintaining the equipment used in the event.

4. Summary disposition was properly granted even though thirty days remained in the discovery period and the plaintiff's discovery requests remained unanswered. The discovery sought by the plaintiff could not have established that a dispute did indeed exist and would not have furthered the plaintiff's claims that she signed an invalid release and that her claim was outside the scope of the release.

Affirmed.

*Barry F. LaKritz, P.C.* (by *Barry F. LaKritz*), for the plaintiff.

*Rutledge, Manion, Rabaut, Terry & Thomas, P.C.*
(by *David M. Thomas* and *Lisa Sabon Anstess*), for
Woodbridge Tavern.

*Nemier, Tolari, Landry, Mazzeo & Johnson, P.C.*
(by *Gregory A. Light* and *Michelle Mathieu*), for
Miller Brewing Company.

Before: SAWYER, P.J., and SAAD and GAGE, JJ.

SAAD, J.

## I

### NATURE OF THE CASE

May a plaintiff who voluntarily signs a broad, unambiguous release before participating in a personal contact sporting event (in which she is injured) avoid the release by claiming that she did not have time to read it or did not understand what she read? We hold that she may not and therefore affirm the trial court's grants of summary disposition to defendants.

## II

### FACTS

On March 4, 1994, plaintiff and her husband and several friends went to defendant Woodbridge Tavern. That night, defendant Miller Brewing Company (Miller) was sponsoring a "sumo wrestling event" in which the participants were required to wear large "balloon-type" suits and "jockey" helmets, before bouncing against each other in a "circle-type" ring. Plaintiff decided that the wrestling "looked like fun" and she signed up to participate. Plaintiff asked no

questions about the nature of the wrestling, the equip-
ment, or the risks involved in wrestling.

When plaintiff's name was called, she was asked to,
and did sign, the following release:

LITE BEER
SUMO WRESTLING WAIVER FORM
RELEASE, ASSUMPTION OF RISK & INDEMNIFICATION AGREEMENT
Sumo Wrestling Event
Date: 3/4/1994

In consideration of my participation in the above-entitled
event, and with the understanding that my participation in
sumo wrestling is only on the condition that I enter into
this agreement for myself, my heirs and assigns, I hereby
assume the inherent and extraordinary risks involved in
sumo wrestling, in the use of sumo wrestling suits, and any
risks inherent in any other activities connected with this
event in which I may voluntarily participate. I expressly
assume the risk of and accept full responsibility for any and
all injuries (including death) and accidents which may
occur as a result of my participation in this event and
release from liability Miller Brewing Company, Entertain-
ment & Leisure U.S.A., Inc. and Eastown Distributors, Co.
and each of their officers, directors, agents, representatives
and employees. I hereby waive any claim I may hereafter
have as a result of any and all injury to my person or prop-
erty as a result of my participation in the sumo wrestling
event, my use of a sumo wrestling suit, and in any other
activities connected with this event in which I may volunta-
rily participate. I hereby agree to indemnify all of the above-
named persons and Miller Brewing Company, for any and
all claims, including attorney's fees and costs, which may be
brought against any of them by anyone claiming to have
been injured as a result of any injury to me or my property
which may occur as a result of the sumo wrestling event. I
also agree that this release and all its particulars includes
Woodbridge Tavern, Inc. I understand that sumo wrestling
is a physical sport and that physical injury may result. I cer-
tify that I have read and fully understand this release. I am

of lawful age and legally competent to make this agreement.

> Dated: 3/4/94
> Signature: /s/
> Address:
> Witness:

Plaintiff (and her husband) then donned the "sumo suits" and helmets and entered the ring. The object of the match was for one of the wrestlers to knock the other down. The ring was similar to a child's inflatable pool with a lip or ridge around the outer edge. Plaintiff stayed to the outside of the ring to avoid being knocked down, but after wrestling for eight to ten minutes, plaintiff caught her foot on "something" as she backed up. The bulk of the wrestling suit prevented her from catching her footing, and plaintiff fell, damaging her left knee.

The circuit court granted summary disposition to defendants pursuant to MCR 2.116(C)(7) and (C)(10) with regard to plaintiff's personal injury claim.

## III

### ANALYSIS

Plaintiff first asserts that she did not fairly and knowingly sign the release because she was not given time to read it before entering the ring. We disagree. The record makes clear that plaintiff's failure to read the release was caused by her own haste to get in the

ring and avoid losing her turn to wrestle, not by defendants' attempts to mislead or defraud her. See *Dombrowski v Omer*, 199 Mich App 705, 709-710; 502 NW2d 707 (1993).

Plaintiff also argues that she did not fairly and knowingly sign the release because she did not understand that the release blocked claims against defendants' negligence in maintaining the equipment used in the wrestling matches. Again, we disagree. The release language is not misleading or ambiguous. The language whereby the participant agreed to assume "any risks inherent in any other activities connected with this event in which I may voluntarily participate" and to take responsibility for "any and all injuries (including death) and accidents which may occur as a result of my participation in this event . . ." clearly expressed defendants' intention to disclaim liability for all negligence, including their own. See *Skotak v Vic Tanny Int'l, Inc*, 203 Mich App 616, 619; 513 NW2d 428 (1994) ("there is no broader classification than the word 'all.' In its ordinary and natural meaning, the word 'all' leaves no room for exceptions"); *Dombrowski, supra* at 711-712. This is not a case where defendants invalidated their release by fraud or misrepresentation. *Id.* at 710-711.

Next, plaintiff argues that her injury was outside the scope of the release, because it was not caused by contact with another wrestler but by tripping on a ridge in the wrestling mat. We disagree. We have already observed that the release was broad enough

to allow defendants to disclaim liability for all negligence. *Skotak, supra* at 619. Nor does the case cited by plaintiff, *Mott v Fraser Investment Group,* unpublished opinion per curiam of the Court of Appeals, issued August 25, 1995 (Docket No. 157857), persuade us to construe the release more narrowly. The language of the release in *Mott* limited the risks accepted by the releasor to those incurred during "participation or observation of the sport," which excluded injuries caused by defective premises. The release at issue here, which covered "any risks inherent in any other activities connected with this event in which I may voluntarily participate," did not exclude injuries caused by defective equipment. In any event, *Mott* is an unpublished opinion that has no binding precedential effect on our decision. MCR 7.215(C)(1). We hold that the release plaintiff signed was broad enough to bar her claim.

Finally, plaintiff contends that the trial court prematurely granted defendants' motions for summary disposition because at the time the motions were granted, thirty days remained in the discovery period, and plaintiff awaited answers to several discovery requests. We disagree. Plaintiff offered no evidence that the discovery sought could have established that a dispute did indeed exist. See *Bellows v Delaware McDonald's Corp,* 206 Mich App 555, 561; 522 NW2d 707 (1994). Plaintiff did not show that acquiring information about the specifications, manufacture, and repair of the wrestling mat and suit used on the night

she sustained her injury would further her claims that she signed an invalid release and that her injury was outside the scope of the release. We thus hold that summary disposition was appropriately granted. See *Vargo v Sauer*, 215 Mich App 389, 401; 547 NW2d 40 (1996).

Affirmed.

GAGE, J., concurred in the result only.