BANCORP GROUP, INC v MICHIGAN CONFERENCE OF TEAMSTERS
WELFARE FUND

Docket No. 191187, 191745. Submitted April 22, 1998, at Detroit. Decided
August 14, 1998, at 9:00 A.M. Leave to appeal sought.

Bancorp Group, Inc., brought an action in the Wayne Circuit Court
against Michigan Conference of Teamsters Welfare Fund, alleging
breach of contract, account stated, and claim and delivery after the
defendant stopped making payments on telecommunications equip-
ment leased from the plaintiff. The defendant moved for summary
disposition, arguing that there were no genuine issues of material
fact and it was entitled to judgment as a matter of law because the
plaintiff was in breach of the lease agreement inasmuch as the city
of Detroit held a judgment arising out of unpaid personal property
taxes by the plaintiff and allowing the city to seize the equipment
to satisfy the judgment. The court, John A. Gillis, Jr., J., granted
summary disposition in favor of the defendant with respect to the
claim of breach of contract, awarded the plaintiff fair market rental
value as damages with respect to the claim of account stated, and
denied a motion by the defendant for an award of costs and attor-
ney fees. The plaintiff appealed the summary dismissal of the claim
of breach of contract, both parties appealed the award of fair mar-
ket rental value as damages, and the defendant appealed the denial
of its motion for costs and attorney fees. The appeals were
consolidated.

The Court of Appeals held:

1. The trial court correctly granted summary disposition of the
claim of breach of contract. Section 2A-211(1) of the Uniform Com-
mercial Code, MCL 440.2861(1); MSA 19.2A211(1), provides for a
warranty of quiet possession with respect to leases. The defendant
breached that warranty and thereby breached the lease agreement
when the city acquired a claim or interest in the leased goods by
virtue of the plaintiff's tax delinquency. The plaintiff's reliance on
MCL 440.2963; MSA 19.2A513 is misplaced because that statute
concerns the curing of a tender of nonconforming goods, which
was not involved in this case. The trial court's granting of summary
disposition before the completion of discovery was appropriate and
did not result in error; the plaintiff failed to show that further dis-

covery would have created a genuine issue of material fact so as to warrant a trial.

2. The trial court did not abuse its discretion in the manner in which it conducted the hearing concerning the defendant's motion for damages and in awarding some, but not all, of the amount requested. Pursuant to MCR 2.119(E)(3), the trial court had discretion to dispense with or limit oral arguments, and the trial court considered the plaintiff's affidavit of account stated, albeit in a manner different from what the plaintiff requested. The trial court did not err in determining that the plaintiff should be awarded the fair market rental value of the equipment, rather than the lease amount, for the months that the defendant continued to use the equipment while this action was pending.

3. The trial court did not err in denying the defendant's motion for costs and attorney fees. The plaintiff's action was not frivolous. Thus, no award of costs and attorney fees could be made on the basis that the action was frivolous. Theories of mutuality of obligation and mutuality of remedy cannot apply to support an award of costs and attorney fees to the defendant for the plaintiff's breach of the lease agreement in view of the fact that the lease agreement expressly provided for costs and attorney fees to the plaintiff in case of breach of the lease agreement by the defendant, but not for costs and attorney fees to the defendant in case of breach by the plaintiff.

Affirmed.

1. CONTRACTS — LEASES — UNIFORM COMMERCIAL CODE — WARRANTY OF QUIET POSSESSION.

A lessor under a lease contract warrants quiet possession of the leased goods by the lessee for the term of the lease; such warranty is breached where a taxing authority obtains a judgment for unpaid personal property taxes by the lessor that allows the authority to seize the goods from the lessee to satisfy the judgment (MCL 211.47[1],[2], 440.2861[1]; MSA 7.91[1],[2], 19.2A211[1]).

2. CONTRACTS — MUTUALITY OF OBLIGATION — MUTUALITY OF REMEDY.

A contract under which one, but not the other, party is expressly granted a right to costs and attorney fees in case of breach by the other party cannot be construed to provide a similar remedy to the other party by resort to the theory of mutuality of obligation or the theory of mutuality of remedy.

*Goldstein, Litt, Slinger and Dunwoodie, P.L.L.C.* (by *Stuart Goldstein* and *Scott D. Moore*), for the plaintiff.

*Meisner & Associates, P.C.* (by *Robert M. Meisner*), for the defendant.

Before: JANSEN, P.J., and KELLY and MARKEY, JJ.

JANSEN, P.J. In Docket No. 191187, plaintiff Bancorp Group, Inc., appeals as of right from the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10) in this breach of contract action. In Docket No. 191745, both parties appeal from the trial court's order partially granting plaintiff's motion for damages and defendant appeals from the order denying its motion for attorney fees and costs. We affirm in all respects.

Defendant leased telecommunications equipment from plaintiff pursuant to a lease agreement entered into on March 24, 1992. Defendant was apparently in arrears in it payments under the lease when the city of Detroit obtained a judgment against plaintiff for unpaid personal property taxes accrued for fiscal years 1989, 1990, and 1991. The city informed defendant that it might seize the telecommunications equipment being leased from plaintiff in order to satisfy the judgment. Defendant then ceased making lease payments and notified plaintiff that plaintiff was in breach of the implied warranty against interference with defendant's right to possession of the equipment.

Plaintiff filed suit for breach of the lease agreement, alleging breach of contract, account stated, and claim and delivery. Defendant later moved for summary disposition under MCR 2.116(C)(10), contending that plaintiff had breached the lease because the city's judgment against plaintiff constituted a breach of warranty as a matter of law because it gave the city the right to seize the equipment that defendant

had leased from plaintiff. The trial court agreed and granted summary disposition in favor of defendant with respect to the breach of contract claim. Under the account-stated claim, plaintiff was awarded damages in the form of fair market rental value, which was not the entire amount of the damages it sought. Finally, the trial court denied defendant's motion for costs and attorney fees.

DOCKET NO. 191187

Plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because defendant was in default on the lease agreement before it learned of the city's judgment against plaintiff. Plaintiff contends that defendant could not reasonably consider its possessory rights to the leased equipment to be threatened because the city and plaintiff both informed defendant that they had settled and that the equipment would not be seized, thereby curing any alleged breach of warranty. Plaintiff also contends that defendant interfered with plaintiff's ability to conduct discovery and that the trial court's order granting summary disposition under MCR 2.116(C)(10) was premature because discovery had not been completed.

Appellate review of a trial court's decision regarding a motion for summary disposition is de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion under MCR 2.116(C)(10) tests the factual support for the claim. *Id.* The court considers the pleadings, affidavits, depositions, admissions, and any other documentary evidence submitted to it to determine whether a genuine issue of any material fact exists to warrant a trial. *Id.*

The Uniform Commercial Code (UCC) governs this issue. Specifically, MCL 440.2861(1); MSA 19.2A211(1) provides:

> There is in a lease contract a warranty that for the lease term no person holds a claim to or interest in the goods that arose from an act or omission of the lessor, other than a claim by way of infringement or the like, which will interfere with the lessee's enjoyment of its leasehold interest.

Further, the comment to this section states:

> Section 2A-211(1) reinstates the warranty of quiet possession with respect to leases. Inherent in the nature of the limited interest transferred by the lease—the right to possession and use of the goods—is the need of the lessee for protection greater than that afforded to the buyer. Since the scope of the protection is limited to claims or interests that arose from acts or omissions of the lessor, the lessor will be in a position to evaluate the potential cost, certainly a far better position than that enjoyed by the lessee. Further, to the extent the market will allow, the lessor can attempt to pass on the anticipated additional cost to the lessee in the guise of a higher rent.
>
> *Purposes*: General language was chosen for subsection (1) that expresses the essence of the lessee's expectation: with an exception for infringement and the like, no person holding a claim or interest that arose from an act or omission of the lessor will be able to interfere with the lessee's use and enjoyment of the goods for the lease term.

We agree with the trial court that this warranty under § 2A-211(1) of the UCC was breached when the city acquired a claim or interest in the goods by virtue of plaintiff's failure to pay its personal property taxes. See MCL 211.47(1) and (2); MSA 7.91(1) and (2) (the city may collect personal property taxes by seizing the taxpayer's property or by suing the taxpayer or its debtors). In fact, the last paragraph of the

judgment entered against plaintiff in the tax case explicitly states that "the City of Detroit may seize the personal property of the Defendant, reduce the personal property to cash and utilize those funds to satisfy this Judgment." Because of this judgment, the warranty to defendant, as the lessee, was breached, and defendant was entitled to judgment as a matter of law with regard to plaintiff's breach of contract claim. There was no genuine issue of material fact regarding whether plaintiff breached the lease because of its failure to pay taxes, thus giving rise to a claim or interest in the leased equipment in favor of the city.

Plaintiff's reliance on MCL 440.2963; MSA 19.2A513 is misplaced because that statute concerns the curing of a tender of nonconforming goods. The goods that are the subject of this lease had been accepted by defendant and it never claimed that the goods were defective or nonconforming. Therefore, this statute does not apply to the present case.

Further, there was no error in the trial court's decision to grant summary disposition under MCR 2.116(C)(10) where discovery had not been completed. Plaintiff has failed to show that further discovery would have created a genuine issue of material fact to warrant a trial. Accordingly, the trial court's grant of summary disposition was appropriate. *Gara v Woodbridge Tavern*, 224 Mich App 63, 68; 568 NW2d 138 (1997).

DOCKET NO. 191745

In this appeal, plaintiff argues that the trial court abused its discretion in the manner in which it conducted the hearing regarding plaintiff's motion for

damages and in awarding some, but not all, of the amount requested.

Plaintiff's claim that the trial court abused its discretion in the manner in which it conducted the hearing concerning the motion for damages is not supported by the record. We first note that a trial court may, in its discretion, dispense with or limit oral arguments on motions. MCR 2.119(E)(3). Thus, the trial court's decision to permit defense counsel to speak first during the hearing was not an abuse of discretion where plaintiff's argument was clear from its brief before the court and plaintiff's counsel was permitted to make a record on this issue. Moreover, plaintiff has not shown that the trial court refused to consider plaintiff's affidavit of account stated, only that the trial court did not consider it in the exact manner as requested by plaintiff. Further, plaintiff did not ask to present witnesses in support, therefore there is no error on the part of the trial court.

With respect to the amount awarded, the fair market rental value, we find no error. Plaintiff objects to a document used by defendant in support of its valuation of fair market rental value that was not filed with the response brief. Although we do not condone the practice of submitting this document at the hearing rather than attaching it to the brief to permit plaintiff the opportunity to challenge it, we find no prejudice. Given that the trial court found that plaintiff was in breach of the lease, we can find no error in the determination to award plaintiff only the fair market rental value of the equipment for the months that defendant

continued to use it while the suit was pending.[1] Finding plaintiff to be in breach of the lease, but permitting it to receive the entire monthly lease amounts, would result in a windfall to plaintiff.

Accordingly, the trial court did not err in ordering that defendant pay fair market rental value rather than the monthly lease amounts.[2]

Lastly, defendant argues in its cross appeal that the trial court erred in denying its motion for costs and attorney fees because plaintiff's lawsuit was frivolous or, alternatively it was entitled to fees and costs under a theory of mutuality of obligation under the lease agreement, which provided that plaintiff could recover fees and costs.

The trial court found that there was a legitimate dispute between the parties concerning the terms of the lease and that plaintiff's suit was not frivolous. The trial court's finding that the suit was not frivolous is reviewed for clear error. *LaRose Market, Inc v Sylvan Center, Inc*, 209 Mich App 201, 210; 530 NW2d 505 (1995).

The trial court's finding that plaintiff's suit was not frivolous is not clearly erroneous. There is no indication that plaintiff filed this suit to harass defendant, nor is there any indication that the suit was not well grounded in fact. See MCR 2.114(D). Further, given the lack of legal authority interpreting the UCC section

---

[1] Plaintiff contended that it was owed the monthly lease amounts rather than only fair market rental value.

[2] With regard to plaintiff's argument that it is owed penalty amounts for defendant's alleged preexisting breach of the lease (due to defendant's late payments for several months), we need not address this issue because it was not raised in the motion for summary disposition and not addressed by the trial court. *McCready v Hoffius*, 222 Mich App 210, 218; 564 NW2d 493 (1997).

involved in this case, plaintiff's position was not devoid of arguable legal merit and we agree with the trial court that there was a legitimate dispute concerning the terms of the lease. *LaRose, supra,* p 211.

Further, defendant is not entitled to fees or costs under a mutuality of obligation theory. Mutuality of obligation simply means that both parties are bound to an agreement or neither is bound. *Domas v Rossi,* 52 Mich App 311, 315; 217 NW2d 75 (1974). Mutuality of remedy, on the other hand, means that if the remedy of specific performance is not available to one party, it is not a sufficient reason to refuse this remedy to the other party. *M & D Robinson Co v Dunitz,* 12 Mich App 5, 11; 162 NW2d 318 (1968); see also *Domas, supra,* p 315 (under the modern rule, the requirement of mutuality of remedy does not mean that there must be mutual remedies of specific performance). Defendant attempts to apply this theory where the lease agreement provides a remedy of reasonable attorney fees in the case of a breach of contract for plaintiff, while this remedy is not available to defendant in the lease.

The theories of mutuality of obligation and mutuality of remedy do not apply where the lease agreement provided for a remedy of reasonable attorney fees for plaintiff in the case of a breach but no such remedy appears for defendant under the same situation. There being no provision in the lease agreement that defendant was entitled to costs or attorney fees in the case of a breach of contract by plaintiff, the trial court properly found that defendant was not entitled to costs or fees under the lease for this reason.

Affirmed.