*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TANISHA SMITH,

        Plaintiff/Counterdefendant-Appellant,

v

LULU LEMON, LLC,

        Defendant/Counterplaintiff,

and

LEWIS PROPERTY MANAGEMENT, LLC,

        Defendant-Appellee

and

EMPIRE PROPERTY INVESTMENTS, INC.,

        Defendant.

UNPUBLISHED
October 29, 2020

No. 349440
Wayne Circuit Court
LC No. 17-015345-CH

Before: MARKEY, P.J., and K. F. KELLY and TUKEL, J.J.

PER CURIAM.

Plaintiff/counterdefendant Tanisha Smith appeals as of right following the trial court's order dismissing her claims against defendant Empire Property Investments, Inc. (Empire) that closed the case and dismissed Smith's only pending claims. On appeal, Smith argues that the trial court erred by dismissing her claims against defendant Lewis Property Management, LLC (Lewis). The trial court originally dismissed Smith's claims against Lewis on January 22, 2018 when it granted Lewis's motion for summary disposition. The trial court later set aside its January 22, 2018 order on April 3, 2018, thereby reinstating the claims; but after further proceedings, the trial court again reversed itself, and in an order dated June 27, 2018, again dismissed Smith's claims against Lewis.

-1-

Smith argues two procedural issues and one substantive issue on appeal: (1) that the trial court violated her right to due process by reversing its April 3, 2018 order in its June 27, 2018 order (which had the effect of again dismissing her claims) because she had not received notice of a January 19, 2018 hearing on Lewis's motion for summary disposition;[1] (2) that the trial court erred in granting summary disposition to Lewis through the June 27, 2018 order. The June order did not merely grant Lewis summary disposition, but also included a sua sponte reconsideration by the trial court of its April 3, 2018 order which had set aside an earlier dismissal of Smith's claims. The net effect of the June 27 order's renunciation of the April 3 order was to again impose an order of dismissal against Smith for having failed to oppose the motion for summary disposition in January or to appear at the January hearing. Because, as already stated, Smith asserted and the trial court accepted that she had not received notice of the January hearing, on appeal she challenges the trial court's sua sponte about-face on the April 3 order as violative of her due process rights. This rather confusing sequence of events, and the contents of the trial court's June 27 order are discussed more fully below; and (3) that the trial court erred by concluding that Smith repudiated her residential lease with Lewis and, consequently, that she was not entitled to any remedy. This appeal is being decided without oral argument pursuant to MCR 7.214(E)(1). We reverse and remand for proceedings consistent with this opinion.

## I. UNDERLYING FACTS

## A. FACTUAL HISTORY

In March 2017 Smith signed a residential lease with Lewis (the Lewis lease) for a house in Detroit (the property).[2] Lewis did not disclose any issues with lead in the property at that time. When in June 2017 Smith took her young daughter to the doctor for a routine appointment, the doctor discovered that Smith's daughter had lead poisoning. Smith informed Lewis of her daughter's lead poisoning, and Lewis eventually hired a lead inspector to inspect the property. The lead inspector found lead hazards in the property during his inspection in late June 2017. Shortly after the lead inspection, in August 2017, Empire replaced Lewis as the company managing the property. After Empire took over management of the property, Smith signed a new residential lease for the property with Empire (the Empire lease) on August 23, 2017. When she signed the Empire lease Smith was told that its terms were substantially identical to the Lewis lease.

---

[1] Lewis's December 14, 2017 motion at issue here was titled as a "motion to dismiss" and the parties and the trial court referred to it as a "motion to dismiss" throughout the proceedings and on appeal. But Lewis's December 14, 2017 motion was a motion for summary disposition under MCR 2.116(C)(10); therefore, we will refer to it as a motion for summary disposition throughout this opinion.

[2] At all relevant times the property was owned by defendant/counterplaintiff LuLu Lemon, LLC (LuLu Lemon). LuLu Lemon contracted first with Lewis and later with Empire for them to manage the property. LuLu Lemon and Empire are not parties on appeal.

## B. PROCEDURAL HISTORY

Smith filed a complaint in October 2017 alleging, in relevant part, that Lewis failed to repair and maintain the property. In doing so, Smith raised multiple claims, including breach of contract and negligence. Lewis denied the allegations in the complaint and, on December 14, 2017, filed a motion for summary disposition under MCR 2.116(C)(10). In its motion, Lewis argued that Smith repudiated the Lewis lease when she signed the Empire lease; therefore, it no longer had any contractual relationship with Smith. Consequently, Lewis argued, Smith was not entitled to any remedy from Lewis because they no longer had a contractual relationship.

Smith received notice of Lewis's motion for summary disposition, but she did not receive notice that the trial court had scheduled a hearing for January 19, 2018, regarding Lewis's motion for summary disposition. Lewis, however, did receive notice of the hearing. As a result, Lewis was present at the hearing, but Smith was not. At the January 19, 2018 hearing the trial court stated that it would grant Lewis's motion for summary disposition because Smith failed to respond to Lewis's motion for summary disposition and because Smith failed to appear at the hearing. Three days later, on January 22, 2018, the trial court granted Lewis's motion for summary disposition in a written order.

In March 2018, Smith filed a motion seeking that the trial court "set aside" its January 22, 2018 order granting summary disposition to Lewis. In her motion, Smith argued that she had not been given notice of the January 19, 2018 hearing. Lewis opposed Smith's motion to set aside and argued that even if Smith did not have notice of the hearing itself, Smith did have notice of the proceedings because she knew of Smith's underlying motion for summary disposition. Following a hearing on the matter, the trial court entered a written order on April 3, 2018, setting aside its January 22, 2018 order granting Lewis's motion for summary disposition, which thus had the effect of reinstating Smith's claims.

Smith then responded on the merits to Lewis's motion for summary disposition, in April 2018, with a written response. In her response, Smith argued that she did not repudiate the Lewis lease when she signed the Empire lease on August 23, 2017, because Lewis had breached the Lewis lease first by failing to repair and maintain the property. Smith additionally argued that even if she were not entitled to a remedy from Lewis for the damages she incurred after she signed the Empire lease on August 23, 2017, she was still entitled to a remedy for the damages she incurred before August 23, 2017.

Following a hearing on Lewis's motion for summary disposition, in which Smith and Lewis repeated the arguments they made in their written motions, the trial court granted summary disposition to Lewis. But in doing so, the trial court did not simply grant summary disposition to Lewis. Rather, the trial court's ruling came in two parts. First, the trial court reversed its April 3, 2018 order granting Smith's motion to set aside its January 22, 2018 order. Second, the trial court ruled on the merits that no remedy was available to Smith because she repudiated the Lewis lease when she signed the Empire lease and, therefore, the trial court could not order specific performance. The trial court then concluded its written order as follows:

IT IS HEREBY ORDERED

> 1. Smith's Motion to Set Aside Order granting Lewis' [sic] Motion to Dismiss is DENIED.
>
> 2. Lewis has/owes no contractual duty to Smith, as the contract between them was repudiated upon Smith entering into a new agreement with Empire.

This appeal followed.

## II. DUE PROCESS

Smith argues that the trial court erred by sua sponte reconsidering its April 3, 2018 order and that the trial court's January 22, 2018 order granting summary disposition to Lewis violated her right to due process. We hold that the trial court generally had the authority to sua sponte reconsider its April 3, 2018 order, but based on the facts of this case, it erred in the manner it did so: Smith's due process rights were violated by (1) the January 19, 2018 hearing; (2) the trial court's January 22, 2018 order; and (3) the trial court's subsequent reinstatement of the January 22 order after having once set it aside.

### A. STANDARD OF REVIEW

"Issues of constitutional law are reviewed de novo." *In re Carey*, 241 Mich App 222, 226; 615 NW2d 742 (2000). Similarly, the interpretation of court rules is also reviewed de novo. *Lamkin v Engram*, 295 Mich App 701, 707; 815 NW2d 793 (2012). A trial court's decision to limit or dispense with oral arguments on motions is reviewed for an abuse of discretion. *Bancorp Group, Inc v Michigan Conference of Teamsters Welfare Fund*, 231 Mich App 163, 169; 585 NW2d 777 (1998). "An abuse of discretion occurs when the decision resulted in an outcome falling outside the range of principled outcomes." *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008). "An error of law necessarily constitutes an abuse of discretion." *Denton v Dep't of Treasury*, 317 Mich App 303, 314; 894 NW2d 694 (2016).

### B. ANALYSIS

Before addressing whether Smith's due process rights were violated by the January 19, 2018 hearing and the trial court's ensuing January 22, 2018 order, we must first determine whether the trial court was permitted to rule on that issue in its June 27, 2018 order. Lewis did not move for reconsideration under MCR 2.119(F) after the trial court initially set aside its January 22, 2018 order. As such, the trial court addressed and decided the issue sua sponte.

MCR 2.604(A) permits trial courts to reconsider earlier decisions at any time before a final order resolving all remaining issues in a case has been entered.[3] Indeed, this Court has previously

---

[3] In full, MCR 2.604 provides:

-4-

held that trial courts have the inherent power to revisit and reconsider their previous decisions at any time while proceedings are still pending before the trial court. See *Hill v City of Warren*, 276 Mich App 299, 306-307; 740 NW2d 706 (2007) (discussing MCR 2.604(A) and holding that "[t]he court rules therefore give the trial court explicit procedural authority to revisit an order while the proceedings are still pending and, on that reconsideration, to determine that the original order was mistaken"). Thus, the trial court had the inherent authority to revisit its April 3, 2018 order notwithstanding Lewis's failure to move for reconsideration. See *Lamkin v Hamburg Twp Bd of Trustees*, 318 Mich App 546, 550; 899 NW2d 408 (2017) ("Sua sponte motions for summary disposition are permitted under the court rules, but no exception to basic due-process requirements exists in MCR 2.116(I)(1) or elsewhere."); *Hill*, 276 Mich App at 306-307.

Smith next argues that her due process rights were violated when the trial court reinstated its order granting summary disposition to Lewis based on Smith's failure to respond to Lewis's motion for summary disposition before the January 19, 2018 hearing. This issue is complicated by the procedural history of this case, because Smith did have an opportunity to be heard regarding Lewis's December 14, 2017 motion for summary disposition; Smith's opportunity to be heard simply came after the trial court's January 22, 2018 order granting summary disposition to Lewis. Additionally, the trial court confused the issue by stating in its June 27, 2018 order that it was denying Smith's "motion to set aside" its January 22, 2018 order granting summary disposition to Lewis. By using the "motion to set aside" language, the trial court inadvertently obscured the issue: "All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." MCL 8.3(a). The term "motion to set aside" has a technical meaning which is limited to the default-judgment context. See MCR 2.603(D).

However, the trial court's January 22, 2018 order was not a default judgment; rather, it was an order granting Lewis's motion for summary disposition under MCR 2.116(C)(10). We need not decide how the "motion to set aside" actually should be characterized, however, because Smith's due process rights were violated by the trial court's January 22, 2018 order granting summary disposition to Lewis, as Lewis did not have notice and an opportunity to be heard; the

---

(A) Except as provided in subrule (B), an order or other form of decision adjudicating fewer than all the claims, or the rights and liabilities of fewer than all the parties, does not terminate the action as to any of the claims or parties, and the order is subject to revision before entry of final judgment adjudicating all the claims and the rights and liabilities of all the parties. Such an order or other form of decision is not appealable as of right before entry of final judgment. A party may file an application for leave to appeal from such an order.

(B) In receivership and similar actions, the court may direct that an order entered before adjudication of all of the claims and rights and liabilities of all the parties constitutes a final order on an express determination that there is no just reason for delay.

due process violation requires reversal regardless of the procedural terminology that is most appropriate for Smith's motions and the trial court's orders.[4]

Both the United States Constitution and the Michigan Constitution "preclude the government from depriving a person of life, liberty, or property without due process of law." *Hinky Dinky Supermarket, Inc v Dep't of Community Health*, 261 Mich App. 604, 605; 683 NW2d 759 (2004), citing US Const, Am XIV; Const 1963, art 1, § 17. Due process is a flexible concept that calls for such procedural safeguards as the situation demands. *In re Brock*, 442 Mich 101, 111; 499 NW2d 752 (1993); *Mathews v Eldridge*, 424 US 319, 332, 334; 96 S Ct 893; 47 L Ed 2d 18 (1976). Due process generally requires nothing more than notice of the nature of the proceedings and an opportunity to be heard in a meaningful manner. *Cummings v Wayne Co*, 210 Mich App. 249, 253; 533 NW2d 13 (1995). In *Bonner v City of Brighton*, 495 Mich 209, 238-239; 848 NW2d 380 (2014) (quotation marks and citations omitted), our Supreme Court explained:

> The essence of due process is the requirement that "a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it." All that is necessary, then, is that the procedures at issue be tailored to "the capacities and circumstances of those who are to be heard" to ensure that they are given a meaningful opportunity to present their case, which must generally occur before they are permanently deprived of the significant interest at stake. [Citations omitted; alteration in original.]

Finally, under MCR 2.119(E)(3), "[a] court may, in its discretion, dispense with or limit oral arguments on motions, and may require the parties to file briefs in support of and in opposition to a motion."

The trial court held a hearing on Lewis's motion for summary disposition on January 19, 2018. The trial court initially granted the motion for summary disposition on January 22, 2018, reasoning that summary disposition was appropriate because Smith failed to respond to Lewis's motion for summary disposition and because Smith failed to appear for the January 19, 2018 hearing. However, on April 3, 2018, the trial court repudiated its order of January 22. But then, in its June 27, 2018 order, the trial court again changed course, ruling sua sponte that Smith had received adequate notice of the proceedings when it granted Lewis's motion for summary disposition on January 22, 2018, for the reason, already noted, that Smith was aware of the filing of Lewis's motion for summary disposition if not the date set for the hearing on the motion.

On appeal, Smith concedes that although she in fact had notice of Lewis's motion for summary disposition, she did not receive notice of a deadline for filing a response to Lewis's

---

[4] Indeed, if Smith's "motion to set aside" were really a motion for reconsideration it would have been untimely because Smith filed her "motion to set aside" more than 21 days after the trial court's January 22, 2018 order granting summary disposition to Lewis. See MCR 2.119(F)(1) ("Unless another rule provides a different procedure for reconsideration of a decision (see, e.g., MCR 2.604[A], 2.612), a motion for rehearing or reconsideration of the decision on a motion must be served and filed not later than 21 days after entry of an order deciding the motion.").

motion because she did not receive notice of the hearing. That would have been the only way for such a deadline to have been communicated in this case as there was no scheduling order or any other type of order directing Smith to respond to Lewis's motion by a specific date. In the absence of an express order setting deadlines, MCR 2.116(G)(1)(a)(*ii*), which provides that a response to a motion for summary disposition "must be filed and served at least 7 days before the hearing" is controlling; that rule does not provide that the response must be filed a certain number of days after the motion for summary disposition itself is filed. Similarly, MCR 2.119(C), which also addresses deadlines for motions and responses, computes the time by which a motion or response must be filed based on the number of days a motion is filed before the hearing. Both MCR 2.116(G) and 2.119(C) permit a trial court to set a different filing schedule, but the trial court did not set such a schedule in this case. Thus, because Smith did not receive notice of the January 19, 2018 hearing date, she had no notice of when she was required to respond to Lewis's motion for summary disposition. Consequently, despite knowledge of the filing of the motion for summary disposition, Smith was not afforded a meaningful opportunity to be heard before the January 19, 2018 hearing or before the entry of the trial court's January 22, 2018 order granting summary disposition.[5]

When the trial court granted summary disposition to Lewis in its June 27, 2018 order, part of its analysis was that Smith had been given the opportunity to be heard before the trial court entered its January 22, 2018 order granting summary disposition to Lewis. That was incorrect, however, for the reasons we just detailed regarding Smith's inability to be heard based on her lack of notice that a hearing was scheduled or that it was taking place. As such, the trial court's corresponding conclusion in its June 27, 2018 order to deny Smith's motion to set aside the January 22, 2018 order was based on a flawed due process analysis and thus was erroneous and unlawful. Because the trial court's due process analysis was incorrect, we need not determine whether the proper procedure would have been for Smith to file a different type of motion than her motion "to set aside." The trial court's due process violation makes any analysis of other potential remedies available to Smith based on the court rules unnecessary because the action taken—entry of summary disposition against her—violated due process.

In short, while the trial court had discretion generally to reconsider its April 3, 2018 order to set aside its January 22, 2018 order granting summary disposition to Lewis, based on the facts of this case, it was error to do so here. Consequently, the trial court erred in its June 27, 2018 order to the extent that it denied Smith's motion to set aside the January 22, 2018 order granting summary disposition to Lewis.

But this error alone does not necessarily require reversal because the trial court provided two reasons for granting Lewis's motion for summary disposition, and if the other reason is valid,

---

[5] Our entire analysis, of course, is predicated on Lewis's concession that Smith had not received notice of the hearing, a concession which the trial court accepted. We are bound to accept the accuracy of that concession. MCR 2.613(C) ("Findings of fact by the trial court may not be set aside unless clearly erroneous. In the application of this principle, regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it.").

we would nevertheless uphold summary disposition. The two reasons given by the trial court for its grant of summary disposition were (1) it properly denied Smith's motion to set aside the January 22, 2018 order granting summary disposition to Lewis, a contention we have rejected for reasons already discussed in this opinion; and (2) its determination on the merits, in its June 27, 2018 order, that Smith was not entitled to relief because she repudiated the Lewis lease. As such, the trial court's June 27, 2018 order granting summary disposition to Lewis could still be lawful if its decision on the merits were correct; Smith had both an opportunity to be heard before the trial court's June 27, 2018 order, as she did have notice of the date set for hearing that motion, and an opportunity to be heard in that regard. We therefore turn to a consideration of the second basis given by the trial court for its grant of summary disposition.

## III. REPUDIATION OF CONTRACT

Smith argues that the trial court erred by granting summary disposition to Lewis because she did not repudiate the Lewis lease. We agree.

## A. STANDARD OF REVIEW

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a complaint and is reviewed de novo. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). Summary disposition "is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "Only the substantively admissible evidence actually proffered may be considered." *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 525; 773 NW2d 57 (2009) (quotation marks and citation omitted). "Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient." *McNeill-Marks v Midmichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016).

## B. ANALYSIS

The trial court granted Lewis's motion for summary disposition, holding that Smith repudiated the Lewis lease when she signed the Empire lease; consequently, the trial court could not order specific performance for Lewis to repair the property. Under the doctrine of repudiation, also known as anticipatory breach, "if, *before the time of performance*, a party to a contract unequivocally declares the intent not to perform, the innocent party has the option to either sue immediately for the breach of contract or wait until the time of performance." *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 555; 904 NW2d 192 (2017) (citation and quotation marks omitted; emphasis added). "In determining whether an anticipatory breach has occurred, it is the party's intention manifested by acts and words that is controlling, and not any secret intention that may be held." *Id*. (citation and quotation marks omitted). Thus, repudiation requires an

*anticipatory* breach of a contract. By definition, therefore, a contract cannot be repudiated after the time for performance already has begun. *Id.*

The trial court held that Smith repudiated the Lewis lease when she signed the Empire lease. But Smith signed the Empire lease after the Lewis lease's term already had begun. As such, and as a matter of law, Smith could not have repudiated the Lewis lease by signing the Empire lease; Smith's actions may have constituted a breach of the Lewis lease, but they did not constitute a repudiation of the lease.[6] Furthermore, even if Smith did breach the Lewis lease, her potential breach of it would not necessarily preclude her from recovering from Lewis for Lewis's potential earlier breach of the same lease. See *Antonoff v Basso*, 347 Mich 18, 32; 78 NW2d 604 (1956) (holding that even though the breaching party substantially performed under the contract it still was required to pay compensatory damages); *Able Demolition v Pontiac*, 275 Mich App 577, 585; 739 NW2d 696 (2007) (discussing substantial breach of a contract). Indeed, after one party materially breaches a contract the injured party is no longer obligated to perform under the contract. *Walker & Co v Harrison*, 347 Mich 630, 635; 81 NW2d 352 (1957). Thus, even if Smith breached the Lewis lease by signing the Empire lease, she would still be entitled to recovery against Lewis if Lewis materially breached the Lewis lease first by, for example, failing to maintain and repair the property.

Furthermore, Smith concedes that she is no longer seeking specific performance. Rather, she now seeks only monetary damages from Lewis. An existing contractual relationship is not required for monetary damages in a breach of contract action; an existing contractual relationship also is not required for relief on Smith's non-contract-based claims. Thus, the trial court erred by dismissing all of Smith's claims against Lewis on the basis that it could not order specific performance. However, the unavailability of specific performance was irrelevant because Smith sought remedies other than specific performance, namely damages, and these remedies were still available to her even after her contractual relationship with Lewis ended. We need not address the merits of those issues, however, because the trial court failed to address them. See *Tingley v Kortz*, 262 Mich App 583, 588; 688 NW2d 291 (2004) ("Ordinarily, we do not address issues . . . that were not decided by the trial court."). Thus, on remand the trial court should consider whether Smith is entitled to any damages based on her claims against Lewis; the unavailability of specific performance as a remedy from the trial court does not affect that analysis.

---

[6] A breach of contract claim has three elements: "(1) that there was a contract, (2) that the other party breached the contract, and (3) that the party asserting breach of contract suffered damages as a result of the breach." *Doe v Henry Ford Health Sys*, 308 Mich App 592, 601-602; 865 NW2d 915 (2014).

## IV.  CONCLUSION

For the reasons stated in this opinion, we reverse the trial court's June 27, 2018 order granting summary disposition to Lewis and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.  Smith, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Jane E. Markey
/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel